POWER EAST LIMITED, Plaintiff,

v.

TRANSAMERICA DELAVAL INC. and Sheik Yaqoob Yusuf Al-Rasheed, Defendants.

No. 82 Civ. 4269 (KTD).

United States District Court, S.D. New York.

Jan. 21, 1983.

W. Shelby Coates, Jr., New York City, for plaintiff.

Guggenheimer & Untermyer, for defendant Transamerica Delaval, Inc., New York City, Robert E. Smith, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

The defendant Transamerica Delaval, Inc. ("Delaval") moves pursuant to Rule 12(b)(6) to dismiss the complaint herein for failure to state a claim on which relief may be granted. In the complaint, the plaintiff, Power East Limited ("Power East"), has alleged in Count One a violation of section 1 of the Sherman Antitrust Act and in Count Two a breach of an oral contract involving a finder's fee. I have taken as true the allegations of the complaint and the expansion of them in the plaintiff's papers opposing this motion, as well as all inferences that reasonably can be drawn from these allegations. Nonetheless, I have concluded that the defendant's motion to dismiss must be granted.[1]

The complaint alleges that Power East is a corporation organized under the laws of Cyprus and having its principal place of business in Cyprus. "The company was founded in 1976 and it became active in the design, construction and servicing of electrical power stations and substations in the Middle East area." (Complaint, ¶ 2). The complaint described defendant Delaval as a corporation formed "under the laws of one of the States of the United States" and engaged in the production and sale of steam turbine generators and other equipment used in power plants. (Complaint, ¶ 3).

The complaint further alleges that the defendant Sheik Yaqoob Yusuf Al-Rasheed ("Al-Rasheed") "was at all relevant times and still is an importer and industrial agent located at Riyadh, Saudi Arabia."

Plaintiff alleges that in 1977 it introduced the two defendants to each other for discussions of possible joint ventures in Saudi Arabia. Paragraph 8 of the complaint sets forth the nub of the dispute between the parties:

> One of the mutually contemplated projects which came to fruition was a power station installation at Madjma, Saudi Arabia, utilizing Delaval equipment. Upon information and belief, it was Power East Limited's contract tender documents which enabled this project to be implemented; yet Power East Limited was deceitfully and wrongfully deprived by both defendants herein from receiving the deserved and anticipated compensation for its instrumental role in the transaction.

The alleged nonpayment of this "finder's fee" is claimed in Count Two of the complaint. The Sherman Act claim alleges that after the dispute arose the defendants interfered with plaintiff's business relationships in Saudi Arabia and forced plaintiff out of business in Saudi Arabia.

The defendant's motion to dismiss the Sherman Act claim is based on the failure of the complaint to allege for jurisdictional purposes any effect upon "commerce among the several states, or with foreign nations." All of the improper activity alleged occurred in Saudi Arabia. In opposition to this motion, plaintiff argues that its principal shareholder and president was at all

---

1. Sheik Yaqoob Yusuf Al-Rasheed has not been served. If he ever should be served with the summons and complaint, he would most likely raise the argument raised by this motion. The result for Al-Rasheed would be the same. Rather than go through a useless charade the dismissal herein is of the entire complaint.

relevant times and still is a citizen of the United States and that much of the business of the defendant Delaval is done in the United States. It is suggested by plaintiff that this is sufficient impact on interstate commerce to bring the matter within the ambit of the antitrust laws. Plaintiff further suggests that the extent of this impact will be developed by discovery.

## II.

## DISCUSSION

### A. Plaintiff's Sherman Act Claim

■ The activities complained of all occurred outside the United States. The market from which the plaintiff is supposedly excluded is outside the United States. Neither the fact that the principal shareholder of plaintiff is a United States citizen, nor that defendant Delaval is a corporation organized within the United States provides the requisite nexus with American trade that would bring the alleged illegal activity within the purview of the Sherman Act. *See Timberlane Lumber Company v. Bank of America, N.T. & S.A.,* 549 F.2d 597 (9th Cir.1976). Plaintiff makes no suggestion of a "relevant market" within the United States, nor mentions any American competitors whatsoever.

*McLain v. Real Estate Bd. of New Orleans,* 444 U.S. 232, 242–43, 100 S.Ct. 502, 509, 62 L.Ed.2d 441 (1980), requires that more than just the particular anticompetitive conduct alleged be examined to determine whether plaintiff's claim is within the reach of the antitrust laws. *But see Nat'l Bank of Canada v. Interbank Card Assoc.,* 666 F.2d 6, 8–9 (20 Cir.1981) (different test applied in international commerce context). Plaintiff asserts that this requires "proof of a nexus merely between interstate commerce and the defendant's general business activity...." Plaintiff's Memorandum of Law at 5. Plaintiff is not completely accurate, however. *McLain* does not require an examination of activities wholly unrelated to the instant litigation to determine whether there is an effect on commerce. Rather, *McLain* necessitates an examina-

tion of the general business activities which form the basis of the complaint. Here, the business dealings and joint venture opportunities at the heart of plaintiff's antitrust claim are centered, and have their effect, solely outside United States' commerce. Accordingly, Count One of the complaint must be dismissed.

### B. Plaintiff's Estoppel Claim

■ In Count Two of the complaint, plaintiff seeks to recover for the alleged breach of an oral contract for a "finder's fee" on the basis of estoppel. Specifically paragraph 14 of the complaint states:

14. Defendants are estopped from denying the existence of an oral agreement or one implied by operation of law providing for payment of commission and/or *quantum meruit* compensation to plaintiff for its role in bringing about the fruitioning of the aforesaid Madjma transaction and project.

The defendant argues that this oral contract is specifically deemed void by reason of New York's General Obligation Law § 5–701(a)(10) which declares as void, oral contracts "to pay compensation for services rendered in negotiating ... a business opportunity...." Recognizing this New York law, the plaintiff argues (1) that the situation here is an exception under the "estoppel" doctrine, or (2) New York law does not apply under a "center of gravity" choice of law test. Plaintiff, however, has not alleged any other law that might be applicable under a "center of gravity" test. In addition, plaintiff has not properly alleged estoppel. The fact that paragraph 14 of the complaint uses the term "estoppel" is totally meaningless. Because it is unclear whether plaintiff is claiming equitable or promissory estoppel, I will discuss plaintiff's failure to assert either theory properly.

Plaintiff cites *Special Event Entertainment v. Rockefeller Ctr.,* 458 F.Supp. 72 (S.D.N.Y.1978) in opposition to the defendants' motion. *Special Event Entertainment* laid out the four elements of equitable estoppel:

1. An act constituting a concealment of facts or a false misrepresentation;

2. An intention or expectation that such acts will be relied upon;

3. Actual or constructive knowledge of the true facts by the wrongdoer;

4. Reliance upon the misrepresentations which causes the innocent party to change its position to its substantial detriment.

*Id.* 76. The complaint herein lacks any allegation that Delaval or its agents concealed facts or made false representations. Furthermore, plaintiff has failed to allege that it incurred any detriment in relying upon a promise made by the defendants. In the absence of any allegations of detrimental reliance, the plaintiff's cannot assert an equitable estoppel claim.

Plaintiff also may be asserting promissory estoppel, which includes the elements:

a promise clear and unambiguous in its terms; reliance by the party to whom the promise is made, such reliance to be both reasonable and foreseeable; [and] the party asserting the estoppel must be injured by his reliance.

*James King & Son, Inc. v. DeSantis Construction No. 2 Corp.*, 97 Misc.2d 1063, 413 N.Y.S.2d 78 (quoted in *Triology Variety Stores, Inc. v. City Products Corp.*, 523 F.Supp. 691, 696–97 (S.D.N.Y.1981)). Again, plaintiff failed to assert that it relied and was injured by its reliance on the alleged finder's fee arrangement. Apparently the plaintiff has lost sight of the rule that "facts" must be pleaded. Fed.R.Civ.P. 4. Vague legal conclusions in a complaint are not magical incantations sufficient to deny the appropriate motion to dismiss.

The entire complaint is dismissed.

SO ORDERED.